UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEX SCOTT,

        Petitioner,

                                                                   Case Number 08-11276
v.                                                     Honorable Thomas L. Ludington

JEFFREY WOODS,

        Respondent.
                                  /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Alex Scott has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. The petitioner pleaded guilty to second-degree murder and felony firearm in the Recorder's Court for the City of Detroit (now Wayne County Circuit Court) in 1987 and was sentenced to consecutive terms of life imprisonment and two years imprisonment. In his pleadings, the petitioner raises claims concerning the voluntariness of his plea, the effectiveness of trial counsel, the state court's jurisdiction, his sentencing and the 1992 parole amendments.

This matter is before the Court on the respondent's motion for summary judgment, which contends that the petition should be dismissed as untimely for failure to comply with the one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The Court concludes that the petition is untimely and that the late petition cannot be saved by the doctrine of equitable tolling. The Court, therefore, grants the respondent's motion and dismisses the petition. The Court also denies a certificate of

appealability and denies leave to proceed in forma pauperis on appeal.

I

Petitioner was charged with first-degree murder, two counts of armed robbery, and three counts of felony firearm arising from an incident which occurred on May 2, 1987 in Detroit, Michigan. On July 9, 1987. Petitioner pleaded guilty to second-degree murder and possession of a firearm during the commission of a felony. On July 24, 1987, he was sentenced to life imprisonment with the possibility of parole and a consecutive term of two years imprisonment in accordance with his plea agreement. In a companion case, Petitioner pleaded guilty to carrying a concealed weapon and was sentenced to 40 to 60 months imprisonment.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising sentencing issues. The court affirmed his sentence as to the challenged convictions, but remanded for re-sentencing on the concealed weapon conviction. *People v. Scott*, No. 106158 (Mich. Ct. App. Sept. 29, 1988) (unpublished). Petitioner did not timely seek leave to appeal with the Michigan Supreme Court.

In 1990, Petitioner filed a federal habeas corpus petition raising claims concerning the voluntariness of his plea, the voluntariness of his confession, the effectiveness of appellate counsel, and his right to appeal. The court dismissed his petition without prejudice for failure to exhaust state remedies. *See Scott v. Withrow*, No. 90-CV-70794-DT (E.D. Mich. Aug. 2, 1990) (Gadola, J.)

In March of 2006, Petitioner filed a motion for relief from judgment in the state trial court challenging the voluntariness of his plea, the effectiveness of defense counsel, and the validity of his sentence in light of the 1992 Michigan parole amendments. The trial court denied the motion in June of 2006, and subsequently denied reconsideration. Petitioner filed a delayed application for

leave to appeal with the Michigan Court of Appeals, which was also denied. *People v. Scott*, No. 278158 (Mich. Ct. App. July 19, 2007). He then sought leave to appeal with the Michigan Supreme Court, which was denied as well. *People v. Scott*, 480 Mich. 1019, 743 N.W.2d 62 (Jan. 11, 2008).

Petitioner signed the present habeas corpus petition on March 6, 2008 and it was filed by the Court on March 25, 2008. Respondent moved for summary judgment on September 26, 2008, asserting that the petition should be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a reply to Respondent's motion asserting that his petition is timely, or in the alternative, the one-year period should be tolled.

II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for the habeas application in this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (case filed 13 days after the limitations period expired dismissed for failure to comply); *see also Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until 2006. Thus, the one-year grace period expired well before the petitioner sought state post-conviction or collateral review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state court proceedings, instituted in 2006, did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th

Cir. 2001). His petition is therefore untimely.

Petitioner contends that his petition should be deemed timely because it relates back to his 1990 habeas petition. Under Federal Rule of Civil Procedure 15, an "amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c); *see also Mayle v. Felix*, 545 U.S. 644, 657-63 (2005). However, the "relation back" rule is inapplicable when the initial habeas petition is dismissed because there is no pleading to which it can relate back. *See Griffith v. Birkett*, No. 05-72228-DT, 2006 WL 724579, *2 (E.D. Mich. March 17, 2006) (citing cases); *accord Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) (holding that a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original petition); *Warren v. Garvin*, 219 F.3d 111, 113-14 (2d Cir. 2000); *Jones v. Morton*, 195 F.3d 153, 160-61 (3d Cir. 1999). When a habeas petition is dismissed without prejudice for failure to exhaust state court remedies, a petition filed after exhaustion is completed is considered a new action, not an amendment to the prior petition. *See Jones*, 195 F.3d at 160-61. Because Petitioner's 1990 petition was dismissed and because that court did not expressly or impliedly retain jurisdiction over the petition, his current habeas petition does not "relate back" to that petition.

Additionally, the Court notes that Petitioner's original habeas petition could not have been held in abeyance while he exhausted his claims in the state courts, because the petitioner had not properly exhausted any of the habeas claims contained in his initial petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (federal court has discretion to stay a "mixed" habeas petition, containing

both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts and then return to federal court on a perfected petition). Given such circumstances, dismissal of the 1990 petition was appropriate and the current petition does not relate back to that petition.

Petitioner also asserts that his habeas petition is timely because his state court motion for relief from judgment was filed within the time allowed by state rules. In fact, Michigan law does not impose a time limit for the filing of a motion for relief from judgment. *See* Mich. Ct. R. 6.500 *et seq*. This argument, however, conflicts with the plain language of the statute of limitations which provides that the one-year period is only tolled during the time in which a properly filed post-conviction or collateral action is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *see, e.g.*, Carey *v. Saffold*, 536 U.S. 214, 219-21 (2002) (state habeas application was pending during time between the lower state court's adverse decision and the prisoner's timely appeal to the higher court, thereby tolling the one-year limitations period); *see also Abela*, 348 F.3d at 166. While the intervals between a lower court's decision and a timely appeal in state post-conviction proceedings are not counted toward the one-year period, such "gap tolling" does not extend the one-year period to cover time when no action (or appeal period) remains in the state courts. In this case, the one-year limitations period expired well before Petitioner filed his state court motion for relief from judgment – and did not reset upon the completion of those proceedings. *See Searcy*, 246 F.3d at 519.

Petitioner also asserts that a motion for relief from judgment should be considered a continuation of the appellate process in Michigan due to the exhaustion requirement applicable to federal habeas actions. In determining whether a particular state procedure constitutes part of the "direct review" process for purposes of AEDPA's limitations period, the federal court defers to the

underlying state court characterization of the procedure. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Orange v. Calbone*, 318 F.3d 1167, 1170 (10th Cir. 2003)). Michigan law characterizes a motion for relief from judgment under MCR 6.500 as collateral review, distinct from the direct appeal process. *See People v. Jackson*, 633 N.W.2d 825 (Mich. 2001) (a criminal defendant in Michigan is limited to a single appeal by right or leave from a conviction under the court rules); *see also People v. Ward*, 594 N.W.2d 47 (Mich. 1999) (long-delayed appeals are not regarded as part of a defendant's direct appeal); *see also People v. Kincade*, 522 N.W.2d 880 (Mich. Ct. App. 1994) (stating that post-appeal motions for new trial are reviewable only as motions for relief from judgment and are not a continuation of the defendant's appeal as of right); *see also Wheeler v. Jones*, 226 F.3d 656, 659 (6th Cir. 2000). Petitioner's claim to the contrary is meritless.

Petitioner does not allege facts to show that the State created an impediment to filing his habeas petition. He has also not established that his claims are based upon newly-created rights recognized by the United States Supreme Court and made retroactive to cases on collateral review, or that his claims are based upon newly-discovered facts. To the extent that he relies upon the 1992 parole amendments and a related civil rights action addressing those matters, he is not entitled to tolling of the one-year period. First, the cases relied upon by Petitioner are not decisions of the Supreme Court. Second, Petitioner has not shown that his habeas claims are based upon newly-discovered facts. In such a case, the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a petitioner. *See Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). The time commences when a petitioner knows or could have discovered the

important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *Id.* The start of the limitations period does not await the collection of evidence to support the facts. *Id.* The parole amendments were enacted in 1992. Additional revisions were made in 1999. Petitioner thus knew or should have known of the basis for his claims at those times and had ample opportunity to timely seek federal habeas review, but did not do so. *See Holloway v. Jackson*, No. 05-10253, 2007 WL 2178326, *4 (E.D. Mich. July 19, 2007) (rejecting similar argument). His petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors which the Court is to consider are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner does not assert that he is entitled to equitable tolling under the *Dunlap* factors. The fact that a petitioner is untrained in the law, may have been proceeding without a lawyer or

other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated pro se petitioner" does not excuse late filing); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Additionally, given that Petitioner did not file his state court motion for relief from judgment until 2006, it cannot be said that he diligently pursued his claims. Petitioner is not entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. A contention that his habeas claims have merit does not justify tolling the limitations period. *See Holloway*, 166 F. Supp. 2d at 1191.

The Court concludes that the petition for a writ of habeas corpus was not filed within the

time permitted by 28 U.S.C. § 2244(d). The Court further concludes that the petitioner has not established that he is entitled to tolling of the one-year statute of limitations period. His petition is therefore untimely and must be dismissed.

III

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

For the reasons stated *supra*, the Court concludes that jurists of reason would not find the Court's procedural ruling that the habeas petition is untimely and cannot be saved by the doctrine of equitable tolling debatable. Similarly, the Court will also deny the petitioner leave to proceed in forma pauperis on appeal because such an appeal would be frivolous. *See* Fed. R. App. P. 24(a).

IV

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [Dkt. # 7] is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [Dkt. # 1] is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability and leave to proceed in forma pauperis are **DENIED**.

      s/Thomas L. Ludington
      THOMAS L. LUDINGTON
      United States District Judge

Dated: December 23, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2008.

      s/Tracy A. Jacobs
      TRACY A. JACOBS